

EOD
03/12/2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

IN RE: §
 §
**STELLA R. GUIDRY** §
xxx-xx-2510 § Case No. 06-10199
3502 Westmoreland, Beaumont, TX 77705 §
 §
         Debtor § Chapter 13

## MEMORANDUM OF DECISION

This matter is before the Court to consider confirmation of the Debtor's Motion to Modify Chapter 13 After Confirmation proposed by the Debtor, Stella R. Guidry ("Debtor"), the Debtor in the above-referenced case. All objections to the merits of the modification motion were resolved prior to hearing. However, Ronald E. Stadtmueller, Chapter 13 Trustee, objected to the proposal contained in the modification motion whereby the Debtor's attorneys, Barron & Barron, L.L.P. (the "Applicant"), would be paid the sum of $500 for prosecution of the modification motion without the necessity of filing a formal fee application. The Trustee contends that, in light of the $500 payment, the Applicant has exceeded the $3000 "no-look" threshold established by Local Rule of Bankruptcy Procedure (LBR) 2016(h), which governs the payment of fees to an attorney for a Chapter 13 debtor in this district, and that a formal fee application encompassing all pre-petition and post-petition services rendered to date is therefore required to be filed under that rule. At the conclusion of the hearing, the Court took the matter under

advisement. This memorandum of decision disposes of all issues pending before the Court.[1]

## Discussion

In a case in which a chapter 13 debtor's attorney has rendered services in automatic stay litigation, LBR 2016(h)(1)(B) excuses an attorney for a Chapter 13 debtor from filing an application for compensation and reimbursement of expenses if the attorney requests the sum of $3,000 or less for pre-petition and post-petition services and expenses "incurred through the first successful post-confirmation modification of a Chapter 13 plan which occurs subsequent to the filing of the Trustee's Recommendation Concerning Claims." Though disguised by cumbersome phrasing, this rule is attempting to maintain a compensation scheme for debtors' attorneys in Chapter 13 similar in nature and scope to that which existed in this district prior to the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereafter referenced as "BAPCPA"). In pre-BAPCPA days, a Chapter 13 debtor's attorney could receive a fee of $2,000 without the necessity of a formal fee application which covered services through the original confirmation of a plan which, in this district, occurred subsequent to the passage of the bar date for claims. In other words, the "no-look" fee formerly

---

[1] This Court has jurisdiction to consider the modification motion pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §157(a). The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (L), and (O).

encompassed services rendered within the time period in which the confirmation of a Chapter 13 plan was accomplished after the claim allowance process had been completed.

Though modified to adjust for the changed confirmation process and the increased amount of attorney services required by BAPCPA, the post-BAPCPA amendment to LBR 2016 in the Chapter 13 area was again based upon an attempt to define the chronological period in which the confirmation of a Chapter 13 plan is accomplished by a debtor's attorney in a manner which is consistent with the allowed claims of creditors. With Congress having mandated that an initial confirmation hearing be conducted substantially in advance of the claims bar date, this change now requires services to be rendered by a debtor's counsel in Chapter 13 cases far beyond the time of the entry of an initial confirmation order in order to achieve a reconciliation of the amounts designated for specified claims within the initial confirmation order with the amounts of those claims as subsequently allowed. With the assistance of the Trustee's Recommendation Concerning Claims ("TRCC"), this reconciliation is accomplished, either singularly or conjunctively, by an objection to one or more of the filed claims in order to reduce those claims to the amounts reflected for such claims in the initial confirmation order and/or by modifying the terms of the confirmed plan in order to reflect the allowed amounts of the claims. Thus, services which fall within the intended scope of LBR 2016(h)(1) are those which are rendered during the time period in which this reconciliation actually occurs.

The Applicant in this case received $500 prior to the filing of the case, and is scheduled to receive an additional $2,500 pursuant to LBR 2016(h)(1)(B) and the approved Trustee's Recommendation Regarding Claims without the filing of a formal fee application. However, the modification motion contains a request for the payment of an additional $500 for services and fees pertaining to the modification in the manner contemplated by LBR 2016(h)(5).[2] Thus, if the services rendered by the Applicant in regard to the plan modification fit within the period contemplated by LBR 2016(h)(1), the aggregate fee request of $3,500 requires the submission of a formal fee application.

The Applicant asserts that a formal fee application should not be required because the changes contemplated by the modification motion — the surrender of an automobile and a subsequent reduction of the required monthly plan payment — were caused by downward fluctuations in the Debtor's income and had no causal connection with the TRCC or the claims adjudication process. Thus, according to the Applicant, the services associated with such a modification motion should be viewed independently from all of

---

[2] However, LBR 2016(h)(5) is inapplicable to the present situation by its own terms. It provides as follows:

> A formal fee application must be filed for allowance of fees and expenses for legal services rendered to a Chapter 13 debtor *subsequent to the time period outlined in subsection (h)(1)* unless such services pertain to a successful post-confirmation modification of a Chapter 13 plan *achieved during such subsequent time period* and such modification motion contains a detailed request for such fees. (emphasis added).

-4-

the post-petition services pertaining to the original confirmation of a plan and any subsequent effort to reconcile that original confirmation order with the allowed proofs of claim.

While that analysis may be facially appealing, it ignores the fact that the reference to modification motions and the TRCC in LBR 2016(h)(1)(B) is not attempting to define the fee application requirement by reference to a specific subset of services. It is instead attempting to define the *chronological* period to which LBR 2016(h)(1) applies — the time period within which a confirmation of a plan is initially accomplished and then subsequently reconciled with allowed claims. Any service rendered within that chronological period falls within the scope of LBR 2016(h)(1) and triggers the formal fee application requirement unless the requested fee amount falls within the "no-look" option.

In this case, the Debtor's income fluctuations, and the appropriate legal actions taken by the Applicant in response to them, clearly occurred within that chronological period. The Debtor's income reductions triggered the necessity of a modification within that period — creating the functional equivalent of a pre-confirmation modification in this district in the pre-BAPCPA days. The fact that the services were not directly triggered by the TRCC or any particular claim objection is irrelevant. Thus, the services which have been rendered by the Applicant fall within the parameters of LBR 2016(h)(1) and, unless the Applicant wishes to lower its fee to the no-look $3,000 level, a formal fee

application for all pre-petition and post-petition services rendered through February 28, 2007 is required.

Though the Applicant is required to file a formal fee application under the circumstances of this case, this contested matter does highlight a flaw in the language of LBR 2016(h)(1). In attempting to define the relevant time period for this initial fee allowance, the Court did not intend to allow the conclusion of the LBR 2016(h)(1) time period to remain open indefinitely while one awaits the first post-confirmation modification. One can certainly imagine a successful case in which "the first successful post-confirmation modification of a Chapter 13 plan occurring subsequent to the filing of the Trustee's Recommendation Concerning Claims" does not occur for months, if not years, subsequent to the time that the initial confirmation order is reconciled with the claims as allowed, and in which the necessity for modification at that time has little, if any, connection to the reconciliation of the original confirmation order with the claims as allowed. To deny the debtor's counsel in such a scenario the opportunity to utilize LBR 2016(h)(5) to obtain additional compensation for such services would be unfair and contrary to the actual intent of the rule. Until such time as the text can actually be amended, the Chapter 13 Trustee and all parties should interpret LBR 2016(h)(1) in a manner consistent with this opinion and as if the text read as follows:

**(h)  Attorney's Fees in Chapter 13 Cases**.

1.  An attorney for a Chapter 13 debtor must file an application for compensation and reimbursement in compliance with subsections (a) and (b) of this rule except in the following circumstances:

   (A)  If the attorney has not rendered legal services pertaining to automatic stay litigation occurring in the case, a formal fee application is not required so long as the attorney requests $2,500 or less for pre-petition and post-petition services and expenses ~~incurred through the first successful post-confirmation modification of a Chapter 13 plan which occurs subsequent to the filing of the Trustee's Recommendation Concerning Claims~~ which are rendered or incurred prior to the time that the confirmed Chapter 13 plan is reconciled with all allowed claims.   The $2,500 shall include all pre-petition payments received by such attorney.

   (B)  If the attorney has rendered legal services pertaining to automatic stay litigation occurring in the case, a formal fee application is not required so long as the attorney requests $3,000 or less for pre-petition and post-petition services and expenses ~~incurred through the first successful post-confirmation modification of a Chapter 13 plan which occurs subsequent to the filing of the Trustee's Recommendation Concerning Claims~~ which are rendered or incurred prior to the time that the confirmed Chapter 13 plan is reconciled with all allowed claims.  The $3,000 shall include all pre-petition payments received by the attorney.

Accordingly, the Court concludes that the services rendered by Barron & Barron, L.L.P. fall within the parameters of LBR 2016(h)(1) and that, on or before Friday, March 30, 2007, Barron & Barron, L.L.P. shall file either: [1] a formal fee application for all pre-petition and post-petition services rendered in this case through February 28, 2007; or [2] a statement which lowers its fee request to $3,000 in order to comply with LBR

-7-

2016(h)(1)(B) and certifies the return of the sum of $500 to the Debtors.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[3] pursuant to Fed. R. Civ. P. 52, as incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

Signed on 03/12/2007

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[3] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.